UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN MIX-DEAN,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:17-cv-740

# OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

# STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 50 years of age on his alleged disability onset date. (PageID.166). He successfully completed high school and previously worked as a radio announcer, quality control person, plastic molding machine operator, hi-lo operator, and machine operator. (PageID.53-54). Plaintiff applied for benefits on November 18, 2014, alleging that he had been disabled since May 30, 2014, due to back injury, arthritis, hypertension, inability to sit or stand for prolonged periods of time, and pain. (PageID.166-70, 200). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.91-164). On April 19, 2016, Plaintiff appeared before ALJ Amy Rosenberg with testimony being offered by Plaintiff and a vocational expert. (PageID.60-89). In a written decision dated June 3, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.47-55). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.28-33). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) lumbar spondylosis; (2) hypertension; (3) obesity; (4) mild knee degenerative changes; and (5) allergies, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.49-51).

---

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he requires a sit-stand option allowing him to change positions 2-3 times hourly; (2) when ambulating, he will need to use a cane and so will be able to carry items in one hand only; (3) he can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (4) he can occasionally balance, stoop, kneel, crouch, and crawl; (5) he must avoid concentrated exposure to pulmonary irritants; (6) he can have no exposure to unprotected heights or dangerous machinery; (7) he cannot operate a commercial vehicle; and (8) due to Plaintiff's "use of medication, which he reports causes grogginess and difficulty thinking quickly/sharply, and distracting symptoms of pain, he is limited to performing simple, routine tasks, and making simple work-related decisions." (PageID.51).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there

exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 228,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.82-87). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.  **The ALJ's RFC Determination is Supported by Substantial Evidence**

Plaintiff argues that he is entitled to relief because substantial evidence does not support the ALJ's RFC determination. Specifically, Plaintiff argues that the ALJ failed to sufficiently account for his need to use a cane when walking and also failed to properly consider the medication side effects he experiences. The Court is not persuaded.

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

The medical record supports the ALJ's decision. X-rays of Plaintiff's lumbar spine, taken March 4, 2015, revealed "mild" spondylosis with no evidence of misalignment,

fracture, or dislocation. (PageID.317). A pelvic ultrasound did reveal the presence of a cyst "in the region of the sacrum." (PageID.329). However, this cyst was discovered more than four years before the alleged onset of Plaintiff's disability and more than four years before Plaintiff discontinued working. (PageID.217, 329). The record does not support that this circumstance imposes on Plaintiff any limitations which are inconsistent with the ALJ's RFC determination.

The results of a September 30, 2014 functional capacity evaluation are entirely consistent with the ALJ's RFC assessment. (PageID.292-304). A January 28, 2015 consultive examination revealed that Plaintiff experienced "mild" difficulty with certain maneuvers, but the results of the examination were otherwise unremarkable and not inconsistent with the ALJ's RFC determination. (PageID.320-24). Plaintiff's treating physician, Dr. Andrew Luciano, reported that Plaintiff's back pain was "stable" and "well controlled" with medication. (PageID.331, 333, 340, 344). In sum, the ALJ's RFC assessment is supported by substantial evidence.

As for Plaintiff's argument that the ALJ failed to properly account for his need to use a cane, the ALJ expressly found that "when ambulating, [Plaintiff] will need to use a cane and so will be able to carry items in one hand only." (PageID.51). Furthermore, the vocational expert explicitly considered Plaintiff's alleged need to use a cane in determining whether there existed work which Plaintiff could perform consistent with his functional limitations. Plaintiff also argues that the ALJ did not properly account for the alleged medication side effects he experiences. As noted above, however, the ALJ expressly took such into account when formulating Plaintiff's RFC. Moreover, the medical record simply fails to support any argument by Plaintiff that his medication causes him to experience side-effects which impair him to extent greater than the ALJ recognized. Most notably, Dr. Luciano's treatment notes do not indicate that

Plaintiff experienced medication side effects which were inconsistent with the ALJ's RFC findings. (PageID.330-49). Accordingly, this argument is rejected.

II.       **The ALJ Properly Evaluated Dr. Luciano's Opinion**

On April 15, 2016, Dr. Luciano completed a report regarding Plaintiff's functional abilities. (PageID.386-89). While Dr. Luciano's assessment is largely consistent with the ALJ's RFC determination, the doctor did identify certain limitations which are inconsistent with the ALJ's RFC determination. Specifically, the doctor reported that Plaintiff will need to take "unscheduled breaks," lasting 10-20 minutes each, 1-3 times each workday. (PageID.388). The doctor also reported that Plaintiff would be absent from work "more than three times a month" "as a result of [his] impairments or treatment." (PageID.389). The ALJ afforded only "partial weight" to Dr. Luciano's opinions. (PageID.53). Plaintiff argues that he is entitled to relief on the ground that the ALJ failed to provide good reasons for affording less than controlling weight to the opinions of his treating physician.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ considers the following factors: (1) length of the treatment relationship and frequency of the

9

examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

With respect to the Dr. Luciano's opinion that Plaintiff would need to take unscheduled breaks throughout the workday and would regularly be absent from work, the ALJ discounted such as speculative and unsupported by the medical evidence, including Dr. Luciano's own treatment notes. (PageID.53). This assessment is supported by substantial evidence as the discussion above reveals.

Plaintiff nonetheless argues that the ALJ erred by failing to contact Dr. Luciano "to have the doctor explain any perceived inconsistencies" in the medical record. In support of his argument, Plaintiff cites to 20 C.F.R. § 404.1512(e) which Plaintiff asserts "addresses the circumstance where the evidence received from a treating physician is deemed inadequate to make a disability determination." (ECF No. 10 at PageID.407-08). Plaintiff's argument, however, relies upon a regulation which was long ago amended.

Prior to 2012, the cited provision provided, in relevant part, that "[w]hen the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled," the Administration will contact the relevant treating source to obtain the medical evidence necessary to resolve the claimant's

disability claim. 20 C.F.R. §§ 404.1512(e) (2011). This provision was eliminated in 2012, however, two years before Plaintiff even filed his claim for disability. *See* 20 C.F.R. §§ 404.1512(e) (2011; *Gribensk v. Colvin*, 2016 WL 5137190 at *5 n.6 (N.D.N.Y., Sept. 20, 2016). Moreover, even were the provision in question still in effect the result would be the same. *See Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 156 n.3 (6th Cir., Aug. 18, 2009) ("an ALJ is required to re-contact a treating physician only where the information received is inadequate to reach a determination on claimant's disability status, not where, as here, the ALJ rejects the limitations recommended by that physician"). The evidence before the ALJ was sufficient to adjudicate Plaintiff's claim. This argument is, therefore, rejected.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date: May 7, 2018                                         /s/ Ellen. S. Carmody
                                                                                                   ELLEN S. CARMODY
                                                                                                    U.S. Magistrate Judge